In May, 1994, Executive Secretary Tracy Weaver entered an Order that Plaintiff comply with Rule 607 and produce medical records to Defendant. In June, 1996, Plaintiff's counsel filed a Form 33 Request for Hearing "appealing" the prior administrative Order of the Executive Secretary.
This case was then heard before Deputy Commissioner Kim L. Cramer in Asheville on November 25, 1996. The parties entered a Pre-trial Agreement which is incorporated by reference as if fully set out herein. Although the Form 33 originally filed only raised issues as to the Order of the Executive Secretary, in the Pre-trial, the parties raised additional issues as to whether Plaintiff continues to be disabled, whether she is able to participate in vocational rehabilitation and whether her back pain and subsequent treatment in 1996 is related to her September 28, 1988 injury by accident, which was the basis for the prior Award. Although not clearly set forth in the Pre-trial, it appears that there was also an issue as to whether Plaintiff's gastrointestinal problems were causally related to her compensable back injury. It appears that the original issue for hearing, i.e., the disclosure of Plaintiff's medical records, was resolved post-hearing, when Plaintiff provided Defendant with releases to obtain her medical records.
Subsequent to the hearing, the parties took additional testimony from the physicians, and the transcripts for the depositions of Dr. Larry Kroll, Dr. Lary Schulhof, and Dr. Frank Alan have been received as evidence.
The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Kim Cramer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
 *************
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. In February 1996, Plaintiff was hospitalized with complaints of back pain. Tests done during this hospitalization, lumbar films, a myelogram and CT scan showed grade 1 spondylolisthesis at L4-5, the site of Plaintiff's prior back injury and surgery. An EMG showed denervation and neuropathic changes, which indicated a basis for pain and weakness in Plaintiff's lower extremity.
2. Dr. Larry Schulhof, a neurological surgeon, has been Plaintiff's treating physician for her compensable back injury. Dr. Schulhof's testimony indicates that Plaintiff's ongoing back complaints, including those which arose in 1996, are related to her original compensable injury. Although pain complaints are subjective, according to Dr. Schulhof, the objective findings support Plaintiff's pain complaints.
3. Dr. Schulhof has not specifically referred Plaintiff to a rehabilitation program since she participated in the program at Thoms Rehabilitation in 1989. Despite participation in that program, Plaintiff was unable to return to gainful employment due to her ongoing pain. Although he would not "object" to Plaintiff participating in an appropriate rehabilitation program, which should include pain management, Dr. Schulhof does not believe that such a program would be successful in returning her to gainful employment.
4. In addition to her back pain, Plaintiff has developed gastrointestinal problems, including irritable bowel and gastroesophageal reflux disease, which have been treated primarily by Dr. Frank Alan, who has been seeing her since December, 1990. The gastroesophageal reflux disease caused damage to Plaintiff's esophagus, for which she needed surgery in 1992. She will continue to need regular treatments every 2 to 6 months to open up her esophagus, which has been damaged by acid reflux. According to Dr. Alan, the medications Plaintiff was taking for her back injury have a deleterious effect on the gastrointestinal tract. Dr. Alan also noted that stress arising from Plaintiff's back injury could contribute to the development of these gastrointestinal problems. Plaintiff's gastrointestinal problems are directly related to her compensable injury by accident.
5. There is no evidence that any of Plaintiff's treating physicians have recommended or referred her to vocational rehabilitation, or that the same is appropriate at this time, in view of Plaintiff's physical condition and her ongoing pain.
 *************
Based upon the foregoing findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. The Commission has previously determined that Plaintiff is permanently totally disabled, and therefore, in order to make any changes in the prior award, a new finding of a change of condition must be made pursuant to N.C. Gen. Stat. § 97-47. The evidence fails to establish any such positive change in condition. Rather than improvement, there has been some worsening in Plaintiff's condition.
2. Plaintiff remains totally disabled and is entitled to continuing total disability benefits pursuant to the prior Award of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is not a viable candidate for vocational rehabilitation, as it is unlikely that the same would be effective in returning her to gainful employment. Therefore, there is no basis for an order that Plaintiff participate in any such program pursuant to N.C. Gen. Stat. § 97-25.
4. Plaintiff's gastrointestinal problems are causally related to her compensable back injury and as such are compensable. Defendant is responsible for payment of all medical expenses which have been or may, in the future, be incurred for treatment which is reasonably necessary to effect a cure or give relief from such gastrointestinal problems. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall continue to pay Plaintiff ongoing benefits pursuant to N.C. Gen. Stat. § 97-29, as previously Awarded by the Commission, subject to the attorney's fee previously approved.
2. Defendant shall pay all medical expenses incurred as a result of Plaintiff's gastrointestinal problems.
3. As Defendant is responsible for Plaintiff's ongoing medical care as is causally related to her compensable injury by accident, Plaintiff shall continue to keep Defendant informed of all relevant medical care. Plaintiff may do so by providing any necessary releases for Defendant to secure medical records, and the cost for securing same shall be borne by Defendant.
4. Defendant shall pay the costs.
This 18th day of August, 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ RENÉE RIGGSBEE COMMISSIONER